UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARC J. ZAUDERER, DMD, a
Massachusetts resident, individually and as
the representative of a class of similarly-
situated persons,
    Plaintiff,

v.                                                                                         CIVIL ACTION NO. 16-11742-MPK

CIRRUS CONSULTING GROUP (USA),
INC., a Delaware corporation, CIRRUS
CONSULTING GROUP INC., a Canadian
corporation, JEREMY BEHAR, JOANNA
BEHAR, ALAIN SABBAH and JOHN
DOES 1-5,
    Defendants.

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO DISMISS
<u>FOR LACK OF STANDING (#26)</u>.

KELLEY, U.S.M.J.

I. <u>Introduction</u>.

Plaintiff Marc Zauderer filed this putative class action against defendants Cirrus Consulting Group (USA) Inc., Cirrus Consulting Group Inc., Jeremy Behar, Joanna Behar, Alain Sabbah, and John Does 1-5. (#11.)[1] Zauderer alleges that defendants violated the Telephone Consumer Protection Act of 1991 (TCPA), as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 *et seq.*, by sending plaintiff an "unsolicited advertisement" via fax. *Id*.

---

[1] The First Amended Class Action Complaint (#11) is operative pleading in this case.

Presently before the court is defendants' motion to dismiss for lack of standing (#26)[2]; plaintiff has responded in opposition (#40); and defendants have replied (#45).

## II. The Facts.

The facts as set forth in the amended complaint are as follows. Defendant Cirrus Consulting Group (USA), Inc., is a Delaware corporation, and Cirrus Consulting Group Inc., is a Canadian Corporation with its principal place of business in Toronto, Ontario, Canada. (#11 ¶¶ 8-9.) On April 10, 2014, defendants transmitted an unsolicited fax promoting an upcoming seminar that was to be held on May 20, 2014, *see* #11-1, to plaintiff by telephone fax machine. (#11 ¶ 14.) Defendants allegedly sent the same and other unsolicited faxes to more than forty additional recipients. *Id.* ¶ 17. Zauderer contends that these unsolicited faxes caused him and other recipients damages that include: (1) loss of paper and toner consumed in the printing of defendants' faxes; (2) occupation of telephone lines and fax machines; (3) waste of time receiving, reviewing and routing faxes; and (4) interruption of the privacy interest to be left alone. *Id.* ¶ 34.

## III. Standard of Review.

"[S]tanding is a threshold issue determining whether the court has the power to hear the case, and whether the putative plaintiff is entitled to have the court decide the merits of the case." *Libertad v. Welch* 53 F.3d 428, 445 (1st Cir. 1995) (citing *United States v. AVX Corp.*, 962 F.2d 108, 113 (1st Cir. 1992)). If the plaintiff lacks standing to bring a matter before the court, the court lacks jurisdiction to rule on the merits of the case. *Id.* at 436. To satisfy Article III standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the

---

[2] The motion to dismiss was brought by the five named defendants. Plaintiff has since dismissed the claims against the three individual defendants (#36), such that the motion now relates only to the corporate defendants, Cirrus Consulting Group (USA) Inc. and Cirrus Consulting Group Inc. The five John Does have also been voluntarily dismissed. (#46.)

challenged conduct, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, - U.S. -, 136 S.Ct. 1540, 1547 (2016).

Pursuant to Rule 12(b)(1), Fed. R. Civ. P., a defendant may move to dismiss an action based on lack of federal subject matter jurisdiction.[3] "'Because federal courts are courts of limited jurisdiction, federal jurisdiction is never presumed.' The party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction." *Fabrica de Muebles J.J. Alvarez, Incorporado v. Inversiones Mendoza, Inc.*, 682 F.3d 26, 32 (1st Cir. 2012) (quoting *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998) (internal citation omitted)). Once a defendant challenges the jurisdictional basis for a claim under Rule 12(b)(1), the plaintiff bears the burden of proving jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942); *Johansen v. U.S.*, 506 F.3d 65, 68 (1st Cir. 2007).

In ruling on a motion to dismiss for lack of jurisdiction, the court must "'credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor.'" *Sanchez ex rel. D.R.-S. v. U.S.*, 671 F.3d 86, 92 (1st Cir. 2012) (quoting *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010)). The "court may also 'consider whatever evidence has been submitted, such as the depositions and exhibits submitted.'" *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010) (quoting *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir. 1996)); *Carroll v. U.S.*, 661 F.3d 87, 94 (1st Cir. 2011) ("In evaluating a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, we construe plaintiffs' complaint liberally and ordinarily may consider whatever evidence has been submitted, such as .

---

[3] While defendants have moved for dismissal under the Fed. R. Civ. P. 12(b)(6), the appropriate rule is Fed. R. Civ. P 12(b)(1). *See Katz v. Pershing, LLC*, 806 F. Supp. 2d 452, 456 (D. Mass. Aug. 23, 2011) ("Generally speaking, motions to dismiss on the grounds of a failure to allege an injury in fact implicate constitutional standing principles and thus are predicated on Rule 12(b)(1) rather than Rule 12(b)(6)") (internal citation and quotation marks omitted).

. . depositions and exhibits." (alteration of original) (internal citation and quotation marks omitted)). That being said, a plaintiff cannot assert a proper jurisdictional basis "merely on 'unsupported conclusions or interpretations of law.'" *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995), *cert. denied*, 515 U.S. 1144 (1995) (quoting *Washington Legal Foundation v. Massachusetts Bar Foundation*, 993 F.2d 962, 971 (1st Cir. 1993)); *Johansen*, 506 F.3d at 68.

IV. Discussion.

A. The TCPA.

"Congress passed the TCPA in 1991, prompted by [v]oluminous consumer complaints about abuses of telephone technology." *Physician's Healthsource, Inc. v. Vertex Pharm. Inc.*, Civil Action No. 15-11517-JCB, 2017 WL 1534221, at *6 (D. Mass. Mar. 28, 2017) (alteration of original) (internal citation omitted). The TCPA, in pertinent part, makes it "unlawful for any person within the United States . . . to use any facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C § 227(b)(1)(c). The purpose of the TCPA was to "ban[ ] certain practices invasive of privacy" and to "address the costs – including paper, ink and time – of receiving unwanted 'junk' faxes." *Physician's Healthsource, Inc.*, 2017 WL 1534221, at *6 (internal citation omitted). The TCPA was also meant to prevent the costs of "tying up fax machines while processing these junk faxes." *Id.*

The TCPA provides a private right of action that permits any "person or entity" who receives unsolicited advertisements to: (1) enjoin a violation of the Act; (2) recover for actual monetary loss from such a violation or to receive statutory damages of $500 per violation, whichever is greater; or (3) pursue both injunctive and monetary relief. 47 U.S.C. § 227(b)(3). To make out a prima facie case, plaintiff must show:

> (1) defendant[s] used a telephone facsimile machine, computer or other device to send one or more faxes to plaintiff['s] facsimile machines; (2) the fax[] sent

contained materials advertising the commercial availability or quality of any property, goods, or services; and (3) plaintiff did not give prior express invitation or permission for defendant[s] to send the fax[].

*Physician's Healthsource, Inc.,* 2017 WL 1534221, at *6 (quoting *Sparkle Hill. Inc. v. Interstate Mat Corp.*, Civil Action No. 11-10271-RWZ, 2014 WL 2215756, at *2 (D. Mass. May 23, 2014) (internal quotation marks and further citation omitted)).

### B. Standing.

Defendants assert that plaintiff lacks standing under Article III because he has not alleged an injury in fact as a result of defendants' fax. (#27.) "To establish injury in fact, plaintiff must show that he . . . suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo,* 136 S.Ct. at 1548 (internal citation and quotation marks omitted).

The major point of contention here is whether Zauderer has shown that he suffered a concrete harm.[4] The Supreme Court has noted that alleging a "bare procedural violation, divorced from any concrete harm" is not enough to establish injury in fact, *id*. at 1549, however, "[t]his observation has little application to claims under the TCPA, since those claims are not based on bare procedural rights, but rather on substantive prohibitions of actions directed towards specific consumers." *Physician's Healthsource, Inc.,* 2017 WL 1534221, at *7 (internal citation and quotation marks omitted).

---

[4] To the extent defendants take issue with plaintiff's showing that he suffered a particularized harm, their argument is unavailing. *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 731 (1st Cir. 2016) ("The particularization element of the injury-in-fact inquiry reflects the commonsense notion that the party asserting standing must not only allege injurious conduct attributable to the defendant but also must allege that he, himself, is among the persons injured by that conduct.") (internal citation omitted). Zauderer alleges that he received an unsolicited fax in violation of the TCPA. Taking this contention as true, plaintiff has alleged sufficiently that he has suffered a particularized harm.

Judges in this district have found that a mere technical violation of the TCPA is, by itself, a concrete injury sufficient to confer standing. *See Physician's Healthsource, Inc.*, 2017 WL 1534221, at *8 (finding a concrete injury occurred when plaintiff received unsolicited faxes that rendered their fax line unavailable for legitimate business messaging while processing the junk fax); *Gibbs v. SolarCity Corp.,* Civil Action No. 4:16-cv-11010-TSH, 2017 WL 925003, at *5 (D. Mass. Mar. 8, 2017) (finding that "receiving unsolicited telemarketing calls is a legally cognizable harm and comprise a concrete injury [that] . . . present the precise harm and infringe the same privacy interest Congress sought to protect, in enacting the TCPA")(collecting cases). Several other circuit and district courts have reached the same conclusion. *See Imhoff Inv., L.L.C. v. Alfoccino, Inc.*, 792 F.3d 627, 633 (6th Cir. 2015) (finding Article III standing where the plaintiff suffered a "violation of the statutorily-created right to have ones phone line and fax machine free from the transmission of unsolicited advertisements" by receiving a fax transmission on two occasions); *Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1251-53 (11th Cir. 2015) (a single unsolicited fax may constitute a "concrete and personalized injury in the form of the occupation of [the recipient's] fax machine for the period of time required for the electronic transmission of the data" sufficient to establish Article III standing); *O.P. Schuman & Sons v. DJM Advisory Grp. LLC*, 2017 WL 634069, at *2 (E.D. Pa. Feb. 16, 2017) (holding that receiving a single-page facsimile transmission is sufficient to establish "concrete and particularized harm, as it was more than a 'bare procedural violation'").

To support their position, defendants rely on a litany of out of circuit cases in which courts have found that a technical violation of the TCPA does not meet the concrete injury-in-fact requirement to establish standing. (#27 at 14-17.) Plainly, there is no consensus in the courts

on this issue. However, having reviewed the case law, the court finds the reasoning of the decisions from this district, and others of like mind, to be persuasive.

In short, Zauderer has alleged adequately that he suffered a concrete harm sufficient to confer standing. The fax received by plaintiff rendered his fax line unavailable for legitimate business messages while processing the junk fax, and interfered with Zauderer's privacy interest to be left alone – the precise harm Congress sought to protect by enacting the TCPA. *Physician's Healthsource, Inc.*, 2017 WL 1534221, at *8; *Gibbs,* 2017 WL 924003, at *3 (further citation omitted).

V. Conclusion.

For the reasons stated, it is so ORDERED that Defendants' Motion to Dismiss (#26) be, and the same holding, is DENIED.

July 14, 2017                                              /s / M. Page Kelley
                                                           M. Page Kelley
                                                           United States Magistrate Judge